**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DARRYL CARTER, | No. 16-60034 |
| Debtor. | BAP No. 14-1581 |
| ――――――――――――――――― | |
| DARRYL CARTER, | MEMORANDUM* |
| Appellant, | |
| v. | |
| RON L. BARBER, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Darryl Carter appeals pro se from the Bankruptcy Appellate Panel's

("BAP") judgment dismissing as moot Carter's request for injunctive relief, and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

vacating and remanding the remainder of the bankruptcy court's judgment in Carter's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The BAP properly concluded that Carter's request for injunctive relief was moot because Carter sought to enjoin an unlawful detainer proceeding that had concluded. *See Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley (In re Nat'l Mass Media Telecomm. Sys., Inc.)*, 152 F.3d 1178, 1180-81 (9th Cir. 1998) (setting forth standard of review and explaining that a case is constitutionally moot when "an event occurs while a case is pending appeal that makes it impossible for the court to grant any effectual relief" (citation and internal quotation marks omitted)).

We reject as without merit Carter's contention that the BAP erred by construing his "time expenditures" as a request for attorney's fees.

To the extent Carter contends that the BAP improperly remanded his damages claims to the bankruptcy court instead of resolving them in the first instance, we reject such contention as without merit.

All pending requests and motions are denied.

**AFFIRMED.**

16-60034